UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAULINE SHERROD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:09-cv-61 |
| ) | (Phillips) |
| ADT SECURITY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the court on defendant ADT Security Services Inc.'s ("ADT") Motion to Dismiss [Doc. 4] and plaintiffs' Motion to Amend [Doc. 13]. For the following reasons, the Motion to Dismiss [Doc. 4] is **DENIED** and the Motion to Amend [Doc. 13] is **GRANTED**.

**I.     Defendant's Motion to Dismiss  [Doc. 4]**

Under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting

1

*Twombly*, 127 S. Ct. at 1974).

Although labeled as a motion to dismiss, defendant has really filed a motion for summary judgment. This is because defendant has relied upon matters outside the plaintiffs' complaint. [Doc. 4 at 6-12, discussing the "Subscriber Profile and Agreement for Companion Services and Quiet Care Services"]. Ordinarily, courts are not supposed to consider matters outside the complaint in deciding Rule 12(b)(6) motions.

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The court will not convert the Motion to Dismiss [Doc. 4] into a Motion for Summary Judgment because the plaintiff has not had a "reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(b). In *Sanford v. Main Street Baptist Church Manor, Inc.*, the Sixth Circuit affirmed the district court's decision to treat a Rule 12(b)(6) motion as a motion for summary judgment because: (1) the motion to dismiss was filed long after discovery commenced; and (2) the parties relied on materials outside the pleadings. In the present case, the motion to dismiss was filed within a week of the complaint, discovery is still at an early stage, and only the defendant has relied upon extraneous materials. *See Friends of Tims Ford v. TVA*, 585 F.3d 955, 965 (6th Cir. 2009).

In deciding the Motion to Dismiss [Doc. 4], the Court has excluded any materials outside the pleadings. In other words, the Court did not consider the contracts mentioned in defendant's Memorandum in Support of the Motion to Dismiss [Doc. 5]. Because defendant's argument rests upon matters outside the complaint, the Motion to Dismiss [Doc. 4] is **DENIED**.

**II.     Plaintiffs' Motion to Amend Complaint [Doc. 13]**

2

Rule 15 of the Federal Rules of Civil Procedure provides that when a defendant has already served a responsive pleading to the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In deciding whether justice requires that a plaintiff be given leave to amend his complaint, the court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). Defendant will not be prejudiced by the amendment because it is early in the proceeding. For example, the parties have not held a Rule 26(f) conference yet. Nor is there evidence of bad faith or undue delay, as the Motion to Amend [Doc. 13] was filed less than three months after the complaint was filed.

Finally, the Court finds that the motion to amend is not "futile." A motion to amend is "futile" only if it would not withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins., Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Having already denied defendant's Motion to Dismiss under Rule 12(b)(6), the Court finds that the motion to amend is not "futile."

For good cause stated, the plaintiffs' Motion to Amend [Doc. 13] is **GRANTED**, whereby the plaintiffs are granted leave pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint. Pursuant to Local Rule 15.1, the plaintiffs shall file their amended complaint **in its entirety** within fourteen days of entry of this order.

**IT IS SO ORDERED**.

**ENTER:**

　　　　　　　　　　　s/ Thomas W. Phillips　　　
　　　　　　　　　　United States District Judge